IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN SALZMAN and
SIGMAQUEST CONSULTING, INC.,

    *Plaintiffs,*

v.

    Case No. 11-2434-EFM

SHARON RABINECK and
VERSATILE VISUALS, INC.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Plaintiffs Stephen Salzman and SigmaQuest Consulting, Inc., brought suit against Defendants Sharon Rabenek and Versatile Visuals, Inc., alleging "conversion of copyrighted materials."[1] Defendants have filed a motion to dismiss (Doc. 9) on numerous grounds, including failure to state a claim upon which relief can be granted, and a motion for summary judgment (Doc. 12) on the grounds that res judicata precludes re-litigation of the state court's decision on Plaintiffs' claims. Because Plaintiffs have not registered their copyright—a precondition to filing a copyright infringement claim under the Copyright Act[2]—the Court grants Defendants' motion to dismiss for failure to state a claim.

---

[1] Compl., Doc. 1, at 3.

[2] *See* 17 U.S.C. § 411.

Although Plaintiffs identified their claim as a tort claim for conversion and never cite the Copyright Act, several factors indicate that Plaintiffs are actually alleging copyright infringement under 17 U.S.C. § 501. First and foremost, infringement occurs when a party "violates any of the exclusive rights of the copyright owner,"[3] and Plaintiffs' complaint alleges that Defendants sold copyrighted training materials that were Plaintiffs' sole property. Second, on their civil cover sheet, Plaintiffs indicated the following: (1) the Court has federal question jurisdiction over the claim, which would not be true for a tort claim; (2) the parties are all citizens of Kansas, precluding diversity jurisdiction over a tort claim; and (3) the nature of suit is copyrights.[4] Third, Plaintiffs previously filed this claim in the Douglas County District Court, but the court dismissed the claim on the grounds that it was preempted by the Copyright Act. Finally, Plaintiffs' response briefing states: "Salzman and SigmaQuest seek to enforce their rights to their ownership in the protected material and seek to do so under the Copyright laws of the United States." The Court therefore construes Plaintiffs' claim not as an action for the tort of conversion, but as a claim of copyright infringement under the Copyright Act.

Under § 411 of the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made."[5] In 2010, the Supreme Court held that § 411(a) is not a jurisdictional requirement; instead, the Court said that § 411(a) "establishes a condition—copyright registration—that plaintiffs ordinarily must satisfy before filing an infringement claim and

---

[3] 17 U.S.C. § 501(a).

[4] *See* Civil Cover Sheet, Doc. 2.

[5] 17 U.S.C. § 411(a).

invoking the Act's remedial provisions."[6] Although the Court did not articulate a specific procedure for the federal courts to follow when parties file copyright infringement claims without first registering or preregistering the copyright, a few circuit courts have ruled on that issue. Those courts have decided to "keep it simple and say that the Copyright Act spells out who has enforceable rights under the statute; someone who does may sue, and someone who does not has failed to state a claim upon which relief may be granted."[7] In other words, proof of registration or preregistration of the copyright at issue is an element of a copyright infringement claim.[8] Failure to provide a certificate of registration necessitates dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9]

In their response to Defendants' motion to dismiss, Plaintiffs state that they "have not registered the copyright, but fully intend to do so."[10] The Court has not been notified of any efforts Plaintiffs have taken in the last year to follow through on this intention, and had any such efforts occurred, they obviously would have happened after the complaint in this case was filed. Plaintiffs' complaint must therefore be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[6] *Reed Elsevier, Inc. v. Muchnick*, ___ U.S. ___, 130 S. Ct. 1237, 1241 (2010) (holding that § 411(a) is not a jurisdictional requirement).

[7] *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381 (7th Cir. 2011); *see also Brooks-Ngwenya v. Thompson*, 202 Fed. App'x 125, 126–27 (7th Cir. 2006) ("The statute makes registration or preregistration necessary. That's all there is to it. Registration is not complex (it is no harder that filing a lawsuit), and distractions must be overcome if authors want to litigate.").

[8] *See Airframe Systems, Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 105 (1st Cir. 2011) (stating that "proof of registration of the allegedly infringed work" is an element of a claim for copyright infringement); *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010) (treating the registration requirement as an element of an infringement claim and considering whether failure to register permits dismissal under Rule 12(b)(6)).

[9] *See Cosmetic Ideas, Inc.*, 606 F.3d at 615.

[10] Pls.' Resp. to Mot. to Dismiss, Doc. 18, at 3.

"A suit that is premature because a condition to litigation remains unsatisfied must be dismissed without prejudice. If the condition can be satisfied while time remains in the statute of limitations, then a new suit may be filed and resolved on the merits."[11] Plaintiffs allege that Defendants' infringement was ongoing, and they do not indicate when such conduct ceased. It is therefore possible that Plaintiffs still have time to register their copyright and re-file their claim against Defendants within the three-year statute of limitations.[12] For that reason, the Court dismisses Plaintiffs' claim without prejudice.

**IT IS ACCORDINGLY ORDERED** this 25th day of April, 2013, that Defendants' Motion to Dismiss (Doc. 9) is hereby **GRANTED**. The case shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 12) is hereby **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *Brooks-Ngwenya*, 202 Fed. App'x at 127 (internal citation omitted).

[12] *See* 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").